Wan am aker, J.
The first five of the foregoing criminal cases charge the “keeping of a place” where intoxicating liquors are sold, in violation of law, contrary to Section 13195, General Code. The last five of the foregoing criminal cases charge “selling intoxicating liquors contrary to Section 13225, General Code.”
These ten cases were tried, and judgment rendered in each of said cases against the defendants below, by the probate court of Wood county. The judgments were affirmed by the common pleas and circuit courts, and error is now prosecuted to the supreme court to reverse such judgments. Inasmuch as these ten cases all involve the same single question of jurisdiction, at the suggestion of counsel, they are submitted, considered, and decided together.
The prosecutions in each case were founded upon an affidavit charging in legal form an offense under the respective statutes.
No information predicated upon such affidavit was filed in any of the foregoing cases. Thereupon, the several defendants below, at various stages and in sundry ways, challenged the jurisdiction of the court to try said cases and render judgment therein, contending that the absence of any information was fatal to the jurisdiction of the probate court.
Did or did not the probate court have jurisdiction? That is the question.
The probate court is limited to such jurisdiction as the legislature has defined by statute. In crim *310 inal cases it is given jurisdiction in misdemeanors concurrent with the court of common pleas.
That limited jurisdiction applies not only to the subject-matter but likewise to the procedure prescribed by statute.
The general statute defining the procedure for misdemeanors prosecuted in the probate court, is Section 13441, General Code, which reads: “An indictment is not required in cases in which the probate court has criminal jurisdiction. The prosecuting attorney shall forthwith file an information in such court setting forth briefly in plain and ordinary language the charges against the accused and he shall he tried thereonSubsequent sections further define the general procedure all based upon an information in such court.
Manifestly, therefore, every statute defining a misdemeanor must follow the general procedure provided for in the general statutes pertaining to the probate court, unless there be special and particular provision made to the contrary.
If a criminal prosecution be commenced in the common pleas court, we would all understand it would have to proceed by the general method of indictment by a grand jury, unless it were otherwise specially provided; and, if there were to be a like prosecution begun in the probate court, we would understand that it would have to proceed by information of the prosecuting attorney, unless it were otherwise specially provided.
Section 13195, pursuant to which the first five cases were brought, does not provide for any special procedure; neither do any cognate sections *311 of said 13195. The same is true of Section 13225, under which the last five cases were brought.
The State of Ohio’s contention that no information was needed to give the probate court jurisdiction, is based upon Sections 13244 and 13245, General Code, passed February 23, 1906. This law was generally known as the Woods search and seizure act, found in 98 O. L., 12.
Counsel for the state correctly observe that Sections 13244 and 13245, General Code, are the outgrowth of said Section 18.
The legislature wisely concluded that the very general and indefinite terms of Section 18, to-wit, “any local option laws,” should be made specific and definite, so they proceeded to name and number the sections that should be excepted from the general rule- of procedure in the common pleas and probate courts. For manifestly the statutes in question might apply as well to “wet territory” as to “dry territory,” and if they applied to “wet territory,” it would not be seriously claimed they were “local option laws.” Hence the legislature’s purpose in enacting 13245 of the General Code to make excepted sections definite and certain.
Again, the first five cases under Section 13195 charge the “keeping of a place” where intoxicating liquors are sold contrary to law, while old Section 18 of the Woods act, now Sections 13244 and 13245, General Code, refers to unlawful sales.
By no rule of construction can the latter be made to include the former, especially in a criminal statute.
*312 Again, as to the last five cases brought under favor of Section 13225, General Code, it will be observed that the latter section was not enacted until two years after the Woods law. Certainly it would not be seriously claimed that in the absence of apt words to include acts of the legislature in futuro the act of 1906 attempts to put the.act of 1908 under the exceptions rather than under the general rule of procedure.
Section 13245 specially enumerates the sections of the General Code as to which an information shall not be necessary, to-wit, 13216, 13217, 13218, 13237, 13239, 13242. This section must be read in connection with 13244.
It will be at once noticed that neither Section 13195 nor Section 13225 is mentioned in Section 13245, as being excepted from the operation of the general statute.
It is elementary, in construing statutes defining crimes and criminal procedure, that they must be strictly construed, reasonably, of course, but still strictly. The criminal statutes of Ohio having specially excluded certain foregoing sections from the requirement of filing an information by the prosecuting attorney, it must be presumed that as to all other sections upon which criminal prosecutions in the probate court are founded, they still must follow the general rule.
This holding merely reaffirms the doctrine announced in the case of State of Ohio v. Lynch, from the circuit court of Delaware county, which was affirmed by this court without report, May 14, 1912, 86 Ohio St., 348.
*313 Jurisdiction by a court is, of course, essential to a valid judgment by the same court, and it appearing that no information was filed, and, therefore, no jurisdiction was acquired, the judgments below must be reversed, at the costs of defendant in error, and said defendants are discharged.

Judgments reversed.

Shauck, C. J., Johnson, Newman and Wilkin, JJ., concur.